FILED'08 JUN 26 10:30USDC-ORM

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

**RANDALL HEIDE,**

        Plaintiff,

                                          Civ. 07-629-CL

        **v.**

                                    **REPORT AND RECOMMENDATION**

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

---

CLARKE, Magistrate Judge.

        Plaintiff, Randall Heide (Heide), brings this action for judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his applications for Disability Insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under Titles II and XVI of the Social Security Act (the Act). 42 U.S.C. §§ 401-33, 1381-83. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision should be affirmed and this case dismissed.

## BACKGROUND

Plaintiff initially filed applications for Title II and Title XVI benefits in June 2001. (Tr. 107-110).  The applications were denied initially and upon reconsideration.  (Tr. 53-55) .  Plaintiff requested a hearing by an Administrative Law Judge (ALJ).  (Tr. 63-71) .

The ALJ held a hearing on February 9, 2006, at which he heard testimony from the Plaintiff and a vocational expert. (Tr. 956-1004) .  On March 23, 2006, the ALJ found that Plaintiff was able to perform work that existed in significant numbers in the national economy, and, therefore was not disabled.  (Tr. 25-38 ).  Plaintiff requested administrative review, but the Appeals Council, after receiving additional evidence, declined his request (Tr. 9-12 ), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  20 C.F.R. §§ 404.981, 416.1481, 422.210; *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

## STATEMENT OF FACTS

Plaintiff alleges he became disabled beginning on September 28, 1993.[1] (Tr. 108). He was 47 years old when the ALJ issued his March 2006 decision. (Id.).  Plaintiff alleges disability based upon a combination of impairments, including multiple chemical sensitivities, hepatitis, arthritis, headaches, asthma, obstructive and reactive airway disease, depression, anxiety, degenerative disk disease, status post-post bilateral knee surgeries, sinus disorder, tendonitis, post-traumatic stress disorder, digestive problems, somatoform disorder, and a shoulder injury. (Tr. 108, 172, 236, 277).

---

[1] Plaintiff's first application listed his onset date as September 28, 1993. (Tr. 104). Defendant argues plaintiff's alleged disability date is June 1994.

REPORT AND RECOMMENDATION - 2

In July 1997, Plaintiff obtained a bachelor's degree in computer science from Oregon State University. (Tr. 178, 365, 960). He has past relevant work as an audiovisual specialist, football sideline communication technician, and technical writer. (Tr. 999). Plaintiff last worked in 2003, but this position ended for reasons other than his alleged disability. (Tr. 29, 961).

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert denied,* 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

REPORT AND RECOMMENDATION - 3

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9ᵗʰ Cir. 1999). Each step is potentially dispositive.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 1994, but Plaintiff had engaged in basic work activities as a technical writer in 2003 and made approximately $4000.00. ( Tr. 29, 37).   20 C.F.R. §§ 404.1520(b). 416.920(b).

At step two, the ALJ found that prior to June 1998 the objective medical records demonstrated that plaintiff did not suffer from any severe impairments which would be expected to last for 12 continuous months and cause any significant vocationally relevant limitations. (Tr. 30). After June 1998, the ALJ found that the medical records revealed that plaintiff suffered from left shoulder scapulohumeral dysfunction, mild degenerative changes in the cervical spine, degenerative changes and stenosis of the lumbar spine, asthma and chronic obstructive pulmonary disease controlled with inhalers but mildly exacerbated by chemical irritants, a history of bilateral knee surgeries, a somatoform disorder, and depression and anxiety.   The ALJ found that these impairments cause vocationally relevant limitations and are considered severe.  The ALJ found that any hepatitis appeared non-symptomatic and did not cause any significant vocational limitations. (Tr. 34).  20 C.F.R. §§ 404.1520(c), 416.920(b).

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment. (Tr. 34-35).  20 C.F.R. § 404.1520(d), 4126.920(d).  The

REPORT AND RECOMMENDATION - 4

criteria for these listed impairments, also called Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).

The ALJ assessed Plaintiff with the residual functional capacity (RFC) to lift twenty pounds occasionally and ten pounds frequently. He is able to sit for six hours in an eight-hour workday and is able to stand and/or walk for six hours in an eight-hour workday. He can occasionally climb ramps, ladders, and scaffolds and can occasionally stoop. He should avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation. He can occasionally reach overhead with his left upper non-dominate extremity. He is limited to simple repetitive work with no direct public interaction . (Tr. 36); Social Security Ruling (SSR) 83-10.

At step four, the ALJ found that Plaintiff was not able to perform his past relevant work. (Tr. 37). At step five, however, based upon the testimony of the vocational expert, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy. (Id.).

## DISCUSSION

Plaintiff contends that the ALJ erred by (1) rejecting the opinions of plaintiff's treating and examining doctors; (2) rejecting plaintiff's testimony and failing to consider plaintiff's pain; (3) rejecting lay witness testimony; (4) in assessing plaintiff's Residual Functional Capacity (RFC) Assessment; and (4) finding plaintiff could perform semi-skilled work . The Commissioner denies each of these claims, and contends the ALJ's decision is reasonable, and supported by substantial evidence.

REPORT AND RECOMMENDATION - 5

## I.  RFC Assessment

### A. The ALJ properly discounted plaintiff's credibility

The ALJ may not reject a claimant's testimony about the severity of his symptoms solely because it is not corroborated fully by objective medical findings. *Cotton v. Bowen*, 799 F.2d 1403, 1407-08 (9th Cir. 1986).  The ALJ may reject the claimant's testimony regarding the severity of his symptoms only by providing clear and convincing reasons for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Smolen*, 80 F.3d at 1283.  The ALJ's general assertion that a claimant is not credible is insufficient.  The ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, 12 F.3d at 918.  If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *Cotton*, 799 F.2d at 1408.

The ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. *See Smolen*, 80 F.3d at 1284.

The ALJ reviewed Heide's medical records for the period prior to June 1998 and found that the only objectively supportable impairment Heide suffered from was a left shoulder strain in 1989,

REPORT AND RECOMMENDATION - 6

which according to Heide's treating physician Dr. Mayhall, was stable and stationary.  The ALJ found no objective medical evidence of neck or back strain, disease, or spinal abnormality to support Heide's allegations of pain in those areas.  The only evidence of musculoskeletal treatments and complaints came from Heide's chiropractor, and, the ALJ properly rejected this non-physician's opinion because it was not supported by the multiple diagnostic studies performed by and opinions of plaintiff's treating and non-treating physicians during this period.  The ALJ also found that there was no objective medical evidence of any active hepatitis, chemical hypersensitivity, arthritis, headaches, asthma, depression or anxiety. (Tr. 29-31).

It is the claimant's duty to produce objective medical evidence to support symptoms from an underlying impairment.  *Smolen*, 80 F.3d at 1281.  The ALJ properly found that Heide failed to produce such evidence, properly discounted Heide's allegations of symptoms resulting from these alleged conditions prior to June 1998, and properly found that there was no objective evidence of any severe medically determinable impairments that caused any vocational limitations prior to June 1998.

The ALJ observed that since June 1998, other than Heide receiving treatments from his chiropractor, Heide had very little medical treatment.  (Tr. 30).  Heide also failed to seek any medical treatment for his chemical sensitivity.  Heide was able to drive, eat, recreate, and stay in various motels while traveling for several years to Arizona and other areas in the Western United States looking for a new place to live.  (Tr. 31).  In assessing a claimant's credibility, the ALJ may properly consider any objective medical evidence and the claimant's treatment history. *Id.* The ALJ properly rejected Heide's testimony regarding his allergies to paint fumes, gasoline fumes, diesel

REPORT AND RECOMMENDATION - 7

fumes, perfume, and cologne and his claims that these things cause severe breathing problems as well as cognitive problems and digestive problems. (Id.).

The ALJ found that plaintiff was not entirely credible and that his impairments did not preclude him from engaging in all work activities. (Tr. 35).    The ALJ noted that the medicals records continuously noted Heide's exaggerated pain behavior as far back as 1996.  Heide complained of neck pain and back pain, but there was no clear etiology for those complaints. (Id.). Heide's knee pain was resolved with surgery. (Id.). The only condition that appeared to cause pain was his shoulder strain that Dr. Mayhill opined was stable in his February 1996 report.  (Id.).

The ALJ found that the totality of the records revealed a history of exaggeration, symptom magnification, and a general lack of credibility. (Id.). The ALJ found that there was no objective medical evidence to support Heide's physical complaints and that the records also do not support Heide's complaints regarding his chemical sensitivities. (Id.). The ALJ noted that testing revealed only mild asthma which was controlled by inhalers. (Id.) The ALJ observed that Heide's activities of traveling to other states, driving, staying in motels and camping demonstrated that his chemical sensitivities did not effect these activities and Heide did not seek treatment or hospitalization during any of his travels. (Id.). The ALJ also found that there was no objective medical evidence to support Heide's complaints of fatigue or chemical sensitivity.  (Id.).

The ALJ discounted Heide's complaints that his pain was so severe that he was unable to engage in almost any activity.  The ALJ found that records showed that Heide was walking up to four miles a day up to January 1994, when he was involved in a car accident. (Id.). Records showed Heide was walking up to two miles a day before and after his second car accident.  The ALJ discounted Heide's complaints about shoulder pain as records indicated that Heide played golf and

REPORT AND RECOMMENDATION - 8

did yoga. (Tr. 35). Records also showed Heide stopped physical therapy in October 2004 because his pain level was a one to two on a scale of one to ten. (Tr. 35-36).

The ALJ discounted Heide's complaints of mental limitations noting that medical records revealed exaggeration, an invalid MMPI-2, and that Heide's slowed mental functioning was probably due to his extensive marijuana use. (Tr. 36). The ALJ found that despite Heide's alleged allegations he was able to go on a 5,600 mile trip encompassing numerous states to find a place to live and that during this time Heide also engaged in extensive daily workouts. (Id.). The ALJ found too many inconsistencies in the records regarding Heide's self-reported history, symptoms, and limitations, again noting Heide's ability to travel over 5,600 miles. (Id.).

The ALJ found that while Heide has been diagnosed with somatoform disorder, the objective evidence suggests Heide is attempting to seek a route to avoid work. The ALJ found Heide's claims , exaggerations, and reported activities of daily living were inconsistent. (Id.). The ALJ found that Heide was capable and able to perform the activities he enjoyed, that he complained of breathing problems, but continued his heavy marijuana use, that he had significant secondary gain prospects from his alleged illness and using it to his advantage whenever he could. (Id.). The ALJ still took the effects of this condition into consideration. (Id.). The ALJ gave clear and convincing reasons for finding Plaintiff's allegations not credible and these reasons are supported by substantial evidence in the record.

**B.**    **The ALJ properly evaluated the medical evidence**

The ALJ is not required to find a physician's opinion conclusive as to a physical condition or even as to the ultimate issue of disability. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (th Cir. 1999). The ALJ is not bound to a physician's opinion of Plaintiff's disability or

REPORT AND RECOMMENDATION - 9

Plaintiff's employability, because these are issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e); SSR 96-5p at *2. A physician's opinion of disability is not a legal opinion establishing disability under the Social Security Act because that finding involves a medical and vocational component. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

The relative weight given to the opinion of a physician depends on the physician's opportunity to observe and to get to know the patient as an individual. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. *Id.*; *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician that is contradicted by the opinions of other physicians. *Lester*, 81 F.3d at 830.

### 1.    Dr. Gardner

Dr. Gardner examined Heide on December 19, 1986. This is outside the period for which Heide claims he is disabled. The court rules that the ALJ did not have to give specific, legitimate reasons supported by substantial evidence for rejecting Dr. Gardner's opinion as it is outside the specified time period and is not relevant.

### 2.    Dr. Richardson

Rory F. Richardson evaluated Heide in February 2003. (Tr. 570-575). He found that Heide's behavior was "overtly expressed in a manner that would appear that he was attempting to exaggerate his symptoms." Dr. Richardson diagnosed somatoform disorder, anxiety disorder, and panic disorder with agoraphobia. (Tr. 33). The ALJ properly discounted Heide's mental complaints as discussed above. The ALJ properly took into account Heide's mental disorders when developing his RFC.

REPORT AND RECOMMENDATION - 10

(Tr. 36-37). To the extent that the ALJ did discount Dr. Richardson's opinion, the court rules that the ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting Dr. Richardson's opinion.

**3.   Dr. Berman**

The only evidence of musculoskeletal treatments and complaints came from Heide's chiropractor, Leslie B. Berman, D.C.. Dr. Berman opined that Heide was unable to sustain physical activity or sedentary tasks. (Tr. 350-363). The ALJ properly rejected this opinion, because it was not supported by the medical records, multiple diagnostic studies performed by and opinions of plaintiff's other treating and non-treating physicians during this same period of time. The ALJ relied upon the opinion of Dr. Mayhill, who found that Heide's only objectively documented medically determinable condition was a shoulder strain which was stable. (Tr. 30). In addition, the ALJ found that Dr. Berman failed to delineate what physical activities Heide was unable to sustain or why he was unable to sustain sedentary activities. Dr. Berman also failed to cite to any objective diagnostic studies or objective findings based upon objective examinations to support his opinion. The court rules that the ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting Dr. Berman's opinion.

**4.   Dr. Rotter**

Steven Rotter, M.D. reported that he had treated Heide since December 2001 and that Heide's conditions rendered him mostly disabled and unemployable. (Tr. 576-580). The ALJ found that although Dr. Rotter reported that Heide had fatigue, he failed to deliniate what caused the fatigue. (Tr. 33). Dr. Rotter noted that Heide had chronic pain due to arthritic conditions from various injuries, but the ALJ found no evidence of any arthritic conditions or that Heide's various

REPORT AND RECOMMENDATION - 11

injuries caused any permanent impairments which would cause ongoing pain. (Id.). The ALJ found

Dr. Rotter's records brief and indicate that he only saw Heide two times, once in December 2001 and

once in March 2002. (Id.). The ALJ found that the lack of treatment frequency failed to qualify Dr.

Rotter as a treating physician. (Id.). In addition, the ALJ found that Dr. Rotter's records failed to

reveal any objective diagnostic studies or laboratory studies to support his opinion. 9Id.). Dr. Rotter

also failed to delineate what activities Heide was unable to engage inn on a sustained basis that

would render him disabled. (Id.). The court rules that the ALJ gave specific, legitimate reasons

supported by substantial evidence for rejecting Dr. Rotter's opinion.

**5.     Dr. Morgan**

        Dr. Morgan opined that Heide was disabled due to multiple chemical sensitivities. (Tr. 619-

643). However, the ALJ discounted Dr. Morgan's opinion as it was based only on Heide's self-

reporting which the ALJ properly discounted. (Tr. 32). The ALJ noted that Dr. Morgan failed to

obtain any of Heide's previous treatment records before rendering his opinion. (Id.). The ALJ

discounted Dr. Morgan's diagnosis of fatigue as he failed to delineate what caused the fatigue and

relied upon Heide's self-reporting which the ALJ properly discounted. (Id.). The ALJ noted that

Dr. Morgan's records contain a list of Heide's complaints without any objective corroboration. The

ALJ noted the inconsistency between Dr. Morgan's report that Heide was unable to maintain his

concentration and therefore could not maintain employment and Heide's report that his last position

ended due to reasons other then his disability. (Id.). The ALJ found that objective mental

functioning tests failed to reveal any cognitive dysfunction that would affect Heide's ability to

concentrate. (Id.). Objective testing also revealed that Heide's asthma was only mild. (Id.). The

ALJ noted that Heide's conditions did not prevent him from traveling to numerous states, staying in motels, and doing activities he was interested in. (Tr. 33).

The court rules that the ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting Dr. Morgan's opinion. In addition, the court finds that the Appeals Council also properly considered a similar report from Dr. Morgan.

**C.    The ALJ properly evaluated lay witness testimony**

The ALJ must account for lay witness testimony and provide germane reasons for rejecting it. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). However, the ALJ is not required to discuss non-probative evidence. See Vincent ex. rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

**1.    Heide's Mother**

The ALJ considered the statement's of Heide's mother and found that they were generally credible to the extent that they consisted of her reporting her observations of behaviors Heide demonstrated. (Tr. 36). He found that she was not knowledgable in the medical or vacational fields and could not render an opinion on how Heide's impairments affected his ability to perform basic work tasks at various exertional levels. (Id.). He also found that the stated limitations were not supported by Heide's extensive daily activities or the objective medical evidence. (Id.). The ALJ could not rule out the issue of secondary gain, as Heide lived with his mother and did not contribute financially to the household. (Id.). The ALJ gave germane reasons for discounting Heide's mother's statements.

REPORT AND RECOMMENDATION - 13

The RFC contains the functional limitations the ALJ found were supported by substantial evidence. The ALJ is not required to include limitations in an RFC he found neither credible nor supported by the record. *Bayliss*, 427 F.3d at 1217.

**III.    The ALJ's step five determination was based on substantial evidence.**

Plaintiff contends that the ALJ erred by finding Heide could perform semi-skilled work and the ALJ's RFC was incomplete.

At step five of the sequential evaluation, the Commissioner must show that the claimant can do other work which exists in the national economy. *Andrews v. Shalala*, 53 F.3d at 1043. The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all the limitations of the claimant. *Id.* The assumptions in the hypothetical question must be supported by substantial evidence. *Id.*

In his hypothetical question, the ALJ asked the VE to consider an individual the same age as Plaintiff, with the same educational and work background, and the RFC stated in the ALJ's opinion. The court finds this hypothetical question to be sufficient. The ALJ properly credited the limitations that were supported by substantial evidence in the record, and discredited limitations alleged, but not supported by the record. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001)(the ALJ is free to accept or reject restrictions that are not supported by substantial evidence).

In response, the VE testified that this hypothetical individual would be capable of working as an electronic assembler, food assembler, and office helper/file clerk. (Tr. 1000). The VE testified that Heide would be able to perform the position of office helper/file clerk because "given [Heide's] college background" "it's really pretty basic, would be simple tasks." (Id.). The VE stated that these jobs existed in significant numbers in the national economy. (Id.). The ALJ properly adopted the

REPORT AND RECOMMENDATION - 14

VE's testimony, and concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. 37).

Plaintiff complains that the ALJ improperly found that Heide could perform the position of office helper/file clerk as that is a semi-skilled job which would require transferable skills according to the Dictionary of Occupational Titles. However, the VE clearly explained why she was departing from the semi-skilled description of the position stating that given Heide's education, the position would involve basic tasks.

Plaintiff complains he cannot work around food because of his hepatitis. However, the ALJ properly discounted any allegations of hepatitis as there was no objective evidence in the record that Heide suffered from this condition.

Plaintiff also claims that he cannot do any fine fingering work because he has an amputated/deformed middle finger on his non-dominate hand. There is no evidence in the record that this condition has caused any vocational limitations for Heide. Therefore, the ALJ properly found Heide could perform these tasks.

## RECOMMENDATION

Based on the foregoing, the Commissioner's final decision should be AFFIRMED and this case DISMISSED.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on July 11, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely

REPORT AND RECOMMENDATION - 15

file objections to any factual determinations of the Magistrate Judge will be considered a waiver of

a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's

right to appellate review of the findings of fact in an order or judgment entered pursuant to the

Magistrate Judge's recommendation.

Dated this _____ 26 _____ day of June, 2008.

Honorable Mark D. Clarke
U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 16